IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, ) <br> SHEET METAL WORKERS' ) <br> NATIONAL PENSION FUND, *et al.*, ) <br> ) <br>                  Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FOUR-C-AIRE, INC., ) <br> ) <br>                  Defendant. ) <br> _____) | Civil Action No. 1:15cv0105 (LMB/JFA) |

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 11). Plaintiffs are the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Board of Trustees of the National Energy Management Institute Committee ("NEMIC"), the Board of Trustees of the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), the Board of Trustees for the Sheet Workers' International Association Scholarship Fund ("SWIASF"), and the Board of Trustees for the National Stabilization Agreement for the Sheet Metal Industry Trust Fund ("SASMI") and they seek a default judgment against defendant Four-C-Aire, Inc. ("FCA"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

## **Procedural Background**

On January 27, 2015, the plaintiffs filed this action alleging that FCA is obligated to pay them for certain overdue contributions, liquidated damages, interest, late charges, and attorney's fees and costs. (Docket no. 1). The summons and complaint were served on FCA's chief executive officer on March 11, 2015. (Docket no. 4). In accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due on April 1, 2015, which is 21 days after FCA was served with the summons and complaint.

FCA failed to file a responsive pleading in a timely manner and on April 15, 2015, the plaintiffs filed their request for entry of default. (Docket no. 8). The Clerk of Court entered default against FCA pursuant to Federal Rule of Civil Procedure 55(a) on April 16, 2015. (Docket no. 10). On May 1, 2015, the plaintiffs filed a motion for default judgment with a supporting memorandum and declarations from Walter Shaw and David Mohl, and a notice of hearing for May 15, 2015 at 10:00 a.m. (Docket nos. 11–15). The motion for default judgment, supporting memorandum, declarations, and notice of hearing were served on FCA by first class mail on May 1, 2015. (*Id.*). On May 15, 2015, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of FCA.

## **Factual Background**

The following facts are established by the complaint (Docket no. 1), the motion for default judgment (Docket no. 11), and the memorandum and declarations filed in support of the motion for default judgment (Docket nos. 12–14).

This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1). Each of the

plaintiffs are "fiduciaries" with respect to their fund, as defined in 29 U.S.C. § 1002(21)(A), and they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). (Compl. ¶ 5). The NPF, ITI, and SASMI are jointly trusted trust funds created and maintained pursuant to 29 U.S.C. § 186(c) and "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37). (*Id.*). NEMIC, SMOHIT, and SWIASF are jointly trusted trust funds created and maintained pursuant to 29 U.S.C. § 186(c). (*Id.*). The funds for which the plaintiffs bring this action are administered in Fairfax, Virginia. (Compl. ¶ 3).

FCA is a New York corporation with offices in Potsdam, New York and is an employer in an industry affecting commerce as defined by 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), (11), and (12). (Compl. ¶¶ 6–7). FCA employs employees represented for the purposes of collective bargaining by the Sheet Metal Workers' International Association Local Union No. 58, which is a labor organization representing employees in an industry affecting interstate commerce ("Local Union No. 58"). (Compl. ¶ 9). FCA was a signatory to and bound by a collective bargaining agreement between the Central New York Sheet Metal Contractors' Association, Inc. and Local Union No. 58 (the "Labor Contract"). (Compl. ¶ 10). FCA is obligated to abide by the terms and conditions of the Trust Agreements establishing each of the funds, including any amendments thereto (the "Trust Agreements"). (Compl. ¶ 11).

Under the Labor Contract, Trust Agreements, and applicable law, FCA is obligated to submit monthly remittance reports and fringe benefits contributions to the plaintiffs for all hours worked or paid on behalf of defendant's covered employees no later than the fifteenth day after the end of each month during which covered work was performed. (Compl. ¶¶ 12–13). When and employer fails to make a timely remittance report and contribution payment and the funds file a lawsuit to recover unpaid contributions, the employer is obligated to pay interest on the

delinquent contributions at the rate of 0.0233% per day, liquated damages equal to 20% of the delinquent contributions, and the attorney's fees and costs incurred in pursuing the delinquent amounts. (Compl. ¶ 14). In addition, the Trust Documents require an employer to pay late fees for all contributions paid late, but prior to commencement of litigation, equal to the greater of 10% of the delinquent contribution or $50.00. (Compl. ¶ 15).

In the complaint, the plaintiffs allege that for the months of November and December 2014 the defendant employed employees for whom contributions were due to the plaintiffs but defendant failed to submit remittance reports and make the required contributions. (Compl. ¶ 18). Based on the hours reported for October 2014 by the defendant, plaintiffs estimate that the defendant owes contributions in the amount of $16,974.74 for the months of November and December 2014, along with accrued interest through January 20, 2015 in the amount of $61.47, and liquated damages of $3,394.95. (Compl. ¶ 19). Plaintiffs also allege that for the period of May 2014 through October 2014 the defendant failed to pay the required contributions in a timely manner and defendant owes late fees in the amount of $3,813.49. (Compl. ¶ 20).

In the motion for default judgment, plaintiffs state that they are owed the amounts as detailed below. (Docket no. 11). As described in the memorandum in support of the motion for default judgment and the declarations of Walter Shaw and David Mohl, the plaintiffs are seeking an award of the unpaid contributions due for November and December 2014, interest through April 27, 2015, liquated damages, late fees, and attorney's fees and costs incurred in bringing this action.[1] (Docket nos. 12–14).

---

[1] There is a difference in the amounts sought in the motion for default judgment (Docket no. 11) and the complaint (Docket no. 1) because in the complaint the interest is calculated only up to and including January 20, 2015, and the motion for default judgment contains an itemization of the attorney's fees and costs sought.

| Plaintiff | Contributions | Interest through 4/27/2015 | Liquidated Damages | Late Fees | Costs and Attorney's Fees[2] | Total |
|---|---|---|---|---|---|---|
| NPF | $14,117.54 | $765.62 | $2,823.51 | $3,167.93 | $4,788.24 | $25,662.84 |
| ITI | $237.84 | $13.32 | $47.57 | $55.46 | $0.00 | $354.19 |
| NEMIC | $59.46 | $3.33 | $11.89 | $13.88 | $0.00 | $88.56 |
| SMOHIT | $39.64 | $2.37 | $7.93 | $9.42 | $0.00 | $59.36 |
| SMWIASF | $19.82 | $1.11 | $3.96 | $4.63 | $0.00 | $29.52 |
| SASMI | $2,500.44 | $135.80 | $500.09 | $562.16 | $0.00 | $3,698.49 |
| Total | $16,974.74 | $921.55 | $3,394.95 | $3,813.48 | $4,788.24 | $29,892.96 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

---

[2] The total amount of attorney's fees and costs are included with NPF, the lead plaintiff with the highest amount owed by the defendant.

5

## Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under section 502 of ERISA, 29 U.S.C. § 1132. (Compl. ¶ 1). Section 502 provides that the district courts of the United States have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multiemployer plan. The plaintiffs further allege that this court has subject matter jurisdiction under section 301 of the LMRA, 29 U.S.C. § 185. (Compl. ¶ 1). That section provides that United States district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185 because it is brought under the LMRA for violation of a contract between an employer and a labor organization.

Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The plaintiffs state that the respective funds are administered in Fairfax, Virginia. (Compl. ¶ 3). On March 11, 2015, the summons and complaint were served on the chief executive officer of FCA. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over the defendant since the respective funds are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of

the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

## Grounds for Entry of Default

The summons and complaint were served on FCA's chief executive officer on March 11, 2015. (Docket no. 4). Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due on April 1, 2015, which is 21 days after service of process on the defendant. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on April 15, 2015. (Docket no. 8). The Clerk of Court entered a default on April 16, 2015. (Docket no. 10).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant.

## Liability and Measure of Damages

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, FCA failed to submit remittance reports and contributions to the funds for the period November and December 2014. (Compl. ¶ 18). Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent

contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of –

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, plaintiffs submitted a declaration from Walter Shaw. (Docket no. 13) ("Shaw Decl."). Mr. Shaw is the Billing and Eligibility Manager of the NPF and he is familiar with the payment histories of employers obligated to make contributions to each of the plaintiffs. (Shaw Decl. ¶ 1). The information contained in the declaration of Mr. Shaw and the chart attached as Exhibit 3 to his declaration establish that FCA owes the plaintiffs unpaid contributions for November and December 2014, interest from the date due until April 27, 2015, liquated damages calculated at 20% of the unpaid amount, and late fees for contributions paid in an untimely manner during the months of May 2014 through October 2014 in the following amounts:

| Plaintiff | Contributions | Interest through 4/27/2015 | Liquidated Damages | Late Fees | Costs and Attorney's Fees | Total |
|---|---|---|---|---|---|---|
| NPF | $14,117.54 | $765.62 | $2,823.51 | $3,167.93 | $4,788.24 | $25,662.84 |
| ITI | $237.84 | $13.32 | $47.57 | $55.46 | $0.00 | $354.19 |
| NEMIC | $59.46 | $3.33 | $11.89 | $13.88 | $0.00 | $88.56 |
| SMOHIT | $39.64 | $2.37 | $7.93 | $9.42 | $0.00 | $59.36 |
| SMWIASF | $19.82 | $1.11 | $3.96 | $4.63 | $0.00 | $29.52 |
| SASMI | $2,500.44 | $135.80 | $500.09 | $562.16 | $0.00 | $3,698.49 |
| Total | $16,974.74 | $921.55 | $3,394.95 | $3,813.48 | $4,788.24 | $29,892.96 |

The plaintiffs submitted a declaration from David Mohl detailing the attorney's fees and costs incurred in this action. (Docket no. 14) ("Mohl Decl."). The total amount of the attorney's fees incurred was $4,297.00. (Mohl Decl. ¶ 5). The attorney's fees request is comprised of 6.3 hours of attorney time and 18.4 hours of legal assistant time. (Mohl Decl. ¶ 5, Ex. 1). The amount of costs was $491.24, which is comprised of $400.00 for the filing fee, $59.70 in courier fees, $17.98 in overnight delivery charges, $6.96 in postage fees, $6.00 in facsimile fees, and $0.60 in telephone fees. (Mohl Decl. ¶ 6). The hourly rates charged for the attorney time was $260.00 and $225.00 and the hourly rate for the legal assistant was $145.00. (Mohl Decl. ¶ 5). The undersigned magistrate judge has reviewed the declaration of Mr. Mohl and recommends a finding that the hourly rates charged and the costs incurred by the plaintiffs are reasonable.[3] After reviewing the individual time entries, the court finds that the total

---

[3] The Mohl declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable hourly rate. However, since the defendant has not contested the hourly rates in this case, the court will accept the allegations set forth by the plaintiffs concerning the reasonableness of those rates. The hourly rates and costs requested are consistent with the rates and costs incurred in similar cases and awarded by this court.

amount of time and the costs incurred in pursuing this action and the amounts billed were reasonable.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiffs against FCA as shown in the above chart. For that reason, the undersigned recommends a total judgment be entered against FCA in the amount of **$29,892.96**.

## Conclusion

For the reasons stated above, the undersigned recommends that a judgment be entered in favor of the plaintiffs the Board of Trustees of the Sheet Metal Workers' National Pension Fund, the Board of Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry, the Board of Trustees of the National Energy Management Institute Committee, the Board of Trustees of the Sheet Metal Occupational Health Institute Trust Fund, the Board of Trustees for the Sheet Workers' International Association Scholarship Fund, and the Board of Trustees for the National Stabilization Agreement for the Sheet Metal Industry Trust Fund against defendant Four-C-Aire, Inc. in the total amount of **$29,892.96**, which includes unpaid contributions of $16,974.74, interest of $921.55, liquated damages of $3,394.95, late fees of $3,813.48, and attorney's fees and costs of $4,788.24.

## Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to Four-C-Aire, Inc., 365 Pumpkin Hill Road, Potsdam, NY 13676 the parties are notified that objections to the proposed findings of fact and recommendations must be filed within fourteen (14) days of service of the proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the

substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on the proposed findings of fact and recommendations.

ENTERED this 15th day of May, 2015.

                                              /s/ JFA
                                    John F. Anderson
                                    United States Magistrate Judge
                                    John F. Anderson
                                    United States Magistrate Judge

Alexandria, Virginia